# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | ) |
| ROBERT W. BARNES | ) Case Number: 2:16-cr-00090-APG-GWF-1 |
|  | ) USM Number: 53822-048 |
|  | ) Daniel Albregts |
|  | ) Defendant's Attorney |

**Date of Original Judgment:** December 28, 2016
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☒ pleaded guilty to count(s) 1 of the Information
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 669 | Embezzlement in Connection with Health Care | 2013 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 28, 2016
Date of Imposition of Judgment

Signature of Judge
ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

March 28, 2017
Date

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment (NOTE: Identify Changes with Asterisks (*))

Case 2:16-cr-00090-APG-GWF   Document 41   Filed 03/28/17   Page 2 of 16

Judgment — Page 2 of 7

DEFENDANT: ROBERT W. BARNES
CASE NUMBER: 2:16-cr-00090-APG-GWF-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

18 months

☑ The court makes the following recommendations to the Bureau of Prisons:

Due to the proximity of family, the court recommends the defendant be permitted to serve his term of incarceration at a facility in Victorville.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ by 12 p.m. on  June 30, 2017 .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release    (NOTE: Identify Changes with Asterisks (*))

Case 2:16-cr-00090-APG-GWF   Document 41   Filed 03/28/17   Page 3 of 16

Judgment—Page 3 of 7

DEFENDANT: ROBERT W. BARNES
CASE NUMBER: 2:16-cr-00090-APG-GWF-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 3 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ROBERT W. BARNES
CASE NUMBER: 2:16-cr-00090-APG-GWF-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 2:16-cr-00090-APG-GWF   Document 41   Filed 03/28/17   Page 5 of 16

Judgment—Page 5 of 7

DEFENDANT: ROBERT W. BARNES
CASE NUMBER: 2:16-cr-00090-APG-GWF-1

## SPECIAL CONDITIONS OF SUPERVISION

1. Gambling Addiction Treatment - You shall refrain from any form of gambling and shall participate in a program for the treatment of gambling addiction, at your own expense, as approved and directed by the probation officer, based upon your ability to pay.

2. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

3. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

4. Gambling Prohibition - You shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation officer.

5. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case  
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Case 2:16-cr-00090-APG-GWF   Document 41   Filed 03/28/17   Page 6 of 16

Judgment — Page 6 of 7

DEFENDANT: ROBERT W. BARNES  
CASE NUMBER: 2:16-cr-00090-APG-GWF-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ 1,500,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| (see attached restitution list) |  | $1,500,000.00 |  |

| TOTALS | $ 0.00 | $ 1,500,000.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.  
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Case 2:16-cr-00090-APG-GWF   Document 41   Filed 03/28/17   Page 7 of 16
Sheet 6 — Schedule of Payments     (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 7

DEFENDANT: ROBERT W. BARNES
CASE NUMBER: 2:16-cr-00090-APG-GWF-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ 1,500,100.00 due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

  (see attached final order of forfeiture)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

FILED
DEC 28 2016
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-090-APG-(GWF) |
| Plaintiff, | |
| v. | Final Order of Forfeiture |
| ROBERT W. BARNES, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(7); and Title 21, United States Code, Section 853(p) based upon the plea of guilty by defendant Robert W. Barnes to the criminal offense, forfeiting the property and imposing an in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information and shown by the United States to have the requisite nexus to the offense to which defendant Robert W. Barnes pled guilty. Criminal Information, ECF No. 4; Plea Agreement, ECF No. 6; Arraignment and Plea, ECF No. 9; Preliminary Order of Forfeiture, ECF No. 12.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from June 20, 2016, through July 19, 2016, notifying all potential third parties; and notified known third parties by personal service or by regular mail and certified mail return

1  receipt requested, of their right to petition the Court. Notice of Filing Proof of Publication, ECF
2  No. 16.
3       On July 8, 2016, the United States Marshals Service personally served Hutchison &
4  Steffen, LLC, as Registered Agent for Epiphany Surgical Solutions, LLC, with copies of the
5  Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal
6  Service, ECF No. 14.
7       On July 6, 2016, the United States Marshals Service personally served William D. Smith,
8  M.D., as Managing Member for Epiphany Surgical Solutions, LLC, with copies of the
9  Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal
10 Service, ECF No. 14.
11      On July 6, 2016, the United States Marshals Service personally served William D. Smith,
12 M.D., as Managing Member for Flamingo-Pecos Surgery Center, LLC, with copies of the
13 Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal
14 Service, ECF No. 14.
15      On July 6, 2016, the United States Marshals Service personally served Charles H.
16 Tadlock, M.D., as Managing Member for Epiphany Surgical Solutions, LLC, with copies of the
17 Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal
18 Service, ECF No. 14.
19      On July 6, 2016, the United States Marshals Service personally served Charles H.
20 Tadlock, M.D., as Managing Member for Flamingo-Pecos Surgery Center, LLC, with copies of
21 the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process –
22 Personal Service, ECF No. 14.
23      On July 12, 2016, the United States Marshals Service personally served Gregory J.
24 Morris, Ltd., as Registered Agent for VIP Surgery Center LLC, with copies of the Preliminary
25 Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF
26 No. 14.

On July 6, 2016, the United States Marshals Service personally served Eddy H. Luh, as Managing Member for VIP Surgery Center LLC., with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 14.

On July 6, 2016, the United States Marshals Service personally served Thomas C. Yee, as Managing Member for VIP Surgery Center LLC., with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 14.

On July 12, 2016, the United States Marshals Service personally served Lottie Barnes, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 14.

On July 8, 2016, the United States Marshals Service personally served Michelle Barnes with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 14.

On June 28, 2016, the United States Attorney's Office served Charles Tadlock, M.D., as Managing Member for Flamingo-Pecos Surgery Center, LLC and Epiphany Surgical Solutions, LLC, with copies of the Preliminary Order of Forfeiture and the Notice through regular mail and certified mail, return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 13.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America:

1. 2007 Honda Accord EX Gray 4D Sedan, VIN 1HGCM56857A164507, Nevada License Plate 452WVU;

2. 2011 EXP Limited 5.4L 4X4 Ford Expedition, Color: Sterling Gray Metallic, VIN 1FMJU2A53BEF36389, Nevada License Plate 929VJR;

3. 14k white gold cluster stud earrings with four princess cut diamonds surrounded by 16 round diamonds;

4. Ladies stainless steel Breitling Lady Colt A72345 Watch with blue Mother of Pearl dial, diamond bezel (28 diamonds), Serial No. 386210;

5. Ladies 14k white gold ring centered with one rectangle blue Tourmaline with 45 diamonds;

6. Ladies Tanzanite (approx. 40 carats) platinum ring with 152 brilliant diamonds;

7. Ladies 14k white gold with violetish red Garnet surrounded by 74 brilliant diamonds;

8. Ladies platinum oval shaped bluish green Tourmaline with 92 brilliant diamonds;

9. Ladies 14k white gold ring, pear shaped cabochon cut black opal with blue play of color and 50 diamonds;

10. Movado Womans watch with black in color face;

11. Tag Heuer lady's Watch silver in color;

12. Gucci Watch gold in color;

13. Necklace, silver in color, with Tiffany pendant heart shaped;

14. Necklace, silver in color, with floral design pendant;

15. Bracelet gold in color with green in color stones;

16. Bracelet gold in color appeared to be broken at time of seizure;

17. Bracelet clear stone type;

18. Pair of Earrings with green in color stones;

19. Metal ring, yellow in color with green in color stones;

20. Pair of Earrings tear drop shaped;

21. Pair of Earrings heart shaped;

22. Braided necklace, yellow in color;

23. Ring, silver in color with clear stones;

24. Pair of Earrings flower shaped;

25. Ring, silver in color with clear stones;

26. Pair of Earrings hoop shaped yellow in color;

27. Pair of Earrings, yellow in color with round white in color stones;

28. Thick Bracelet yellow in color;

29. Pair of Earrings, yellow in color;

30. Three (3) rings, yellow in color: One (1) with clear type stones, Two (2) with heart shaped designs;

31. Ring, white in color with clear stones;

32. Two (2) Rings yellow in color with blue in color stones;

33. Ring, yellow in color with green in color stone;

34. Ring, heart shaped with clear stones;

35. One (1) Ring yellow in color with white in color stones;

36. Five Bracelets: Two (2) yellow in color; Two (2) yellow in color with name plates on them "Lucas" and "Joshua"; One (1) yellow in color with green stones;

37. Necklace, white in color;

38. Necklace, white in color with tear drop pendant;

39. One (1) Necklace, white in color with pink in color stone; One (1) pair of earrings with pink in color stones;

40. One (1) round pendant yellow in color; and

41. Pair of Earrings, orange in color

(all of which constitutes property); and

that the United States recover from Robert W. Barnes the in personam criminal forfeiture money judgment of $1,300,000, not to be held jointly and severally liable with any codefendants,

and that the property will be applied toward the payment of the money judgment; and the forfeiture of the money judgment and the property is imposed pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(7); Title 21, United States Code, Section 853(p); and Title 21, United States Code, Section 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 28st day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE

6

U.S. v ROBERT W. BARNES
2:16-CR-00090-APG-GWF
<u>Restitution List</u>

| | |
|---|---|
| Bhatnagar Family Trust<br>Pankaj Bhatnagar, MD | $81,187.89 |
| Burkhead Irrevocable Trust<br>Daniel Burkhead, MD | $39,587.89 |
| Cubs Win, LLC<br>Randall Weingarten, MD<br>Dodd Hyer, MD | $70,787.89 |
| Epiphany Surgery Centers<br>Charles Tadlock, MD | $309,787.52 |
| Grabow Family Trust<br>Ryan Grabow, MD | $22,687.89 |
| Luong Estate Major LLC<br>Minh Luong, DDS | $52,587.89 |
| Mercury Group, LLC<br>Andrew Cash, MD | $61,287.89 |
| SAS Consulting LLC<br>Scott Slavis, MD | $31,787.89 |
| The Julian Trust<br>David Biesinger, DPM | $12,287.89 |
| Douglas Seip, MD | $12,287.89 |
| Fred Redfern, MD | $12,287.89 |
| George Gluck, MD | $17,487.89 |
| Howard Hack, MD | $42,187.89 |
| James Vahey, MD | $61,287.89 |
| Jason Garber, MD | $64,287.89 |
| John Anson, MD | $49,987.89 |
| Marjorie Belsky, MD | $70,787.89 |
| Matthew Ng, MD | $31,787.89 |
| Michael Valpiani, MD | $42,187.89 |

| | |
|---|---|
| Laurie Larson, MD | $31,787.89 |
| Larry Goldstein, MD | $22,687.89 |
| Ming Wei Wu, DO | $9,687.89 |
| Noah Levine, MD | $22,687.89 |
| R. Allen Byrd, PC | $5,787.89 |
| Sheldon Freedman, MD | $61,287.89 |
| Steve Becker, MD | $42,187.89 |
| Stuart Kaplan, MD | $12,287.89 |
| Terrance Kwiatkowski, MD | $12,287.89 |
| Timothy Wilson, DDS | $5,787.89 |
| T.J. O-Lee, MD | $22,687.89 |
| Thomas Vater, MD | $25,287.89 |
| William Muir, MD | $12,287.89 |
| William Smith, MD | $126,687.89 |
| | ========== |
| TOTAL: | $1,500,000.00 |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:16-cr-0090-APG-GWF |
|     Plaintiff, ) | |
| v. ) | |
| ROBERT W. BARNES, ) | **ORDER CONTINUING SELF-SURRENDER DATE** |
|     Defendant. ) | |

    The District Court having considered the Stipulation of the parties and the circumstances surrounding this case,

    **IT IS HEREBY ORDERED** that the self-surrender date for defendant BARNES currently scheduled for Friday, March 31, 2017 is vacated and same is continued to Friday, June 30, 2017, by 12:00 noon.

    DATED this 28th day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE

- 3 -